## James P. Quinn et al. Appts., *v.* Gilbert T. Rafferty et al.

A bill in equity will not lie to enjoin against the use of an alley before the title has been established at law.

Where the remedy is by law, equity has no jurisdiction to entertain a bill.

(Argued November 1, 1887.   Decided November 11, 1887.)

October Term, 1887, No. 151, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Appeal from a decree of the Common Pleas No. 2 of Allegheny County dismissing a bill in equity praying for an injunction to restrain defendants from entering in or upon an alleged private alley and from breaking down or removing gates across the same.   Affirmed.

The master, C. C. Dickey, Esq., after reviewing the evidence, found the following facts:

First, that the alley in question was laid out, more than thirty years prior to the filing of the bill, by William McKee and David D. Bruce, for the use of the tenants of the four lots of ground owned by McMasters, Bruce, and McKee at that time, and now by the parties to this bill;

Second, that said alley was laid out under and in pursuance of a written agreement between said Bruce and McKee, dated December 1, 1851, herein before referred to;

---

Cited in Wright Twp. Water Co. v. Hines, 10 Kulp, 274, 275

NOTE.—Courts of equity will not determine the title to property, when in dispute.   Washburn's Appeal, 105 Pa. 480; Barclay's Appeal, 93 Pa. 50; Long's Appeal, 92 Pa. 171.   But a long-continued possession may be protected until the title is settled at law.   Coal Co. v. Savage, 4 Pa. Dist. R. 557.   If the rights asserted are clear or undisputed, the court of equity will interfere.   Ferguson's Appeal, 117 Pa. 426, 11 Atl. 885.

Third, that said alley has been, for more than twenty-one years prior to the filing of this bill, adversely and continuously used by the tenants of the houses now owned by the defendants, as a way and for drainage;

Fourth, that the easement in question was at the time plaintiffs purchased these lots, and before and since, open and apparent.

The master further found as matter of law: (1) that the obstructions erected by the plaintiffs across the alley are unlawful; (2) that a court of equity has no jurisdiction of the matters complained of.

The master recommended that the bill be dismissed at the cost of the plaintiffs.

Numerous exceptions to the master's finding of facts were filed, which were dismissed by the court and the report confirmed. This appeal was then taken, assigning for error this action of the court.

*Barton & Son* and *J. S. Ferguson,* for appellants.—The doctrine is no doubt well settled that the owner of one tenement may acquire an easement over premises belonging to another person, by notorious and adverse occupation thereof, under a claim of right for a period of twenty years. But, notwithstanding the report of the master and the action of the court below, the facts of this case do not bring it within the rule.

"If the enjoyment can be referred to the leave or favor of the party over whose lands the right of way is claimed, or can be placed upon any other footing than a claim or assertion of right, it will repel the presumption of a deed or grant." Pue v. Pue, 4 Md. Ch. 386; Evans v. Dana, 7 R. I. 306.

Hence, the presumption has been held rebutted by proof that the landowner placed gates across the way claimed (Com. v. Newbury, 2 Pick. 51; Ingraham v. Hough, 46 N. C. 1 Jones L. 39); or by proof that he has habitually broken and interrupted the use whenever he thought proper. Kirschner v. Western & A. R. Co. 67 Ga. 760.

*D. T. Watson,* for appellees.—The finding of facts by the master, especially when approved by the court below, are conclusive on this court, unless the appellant clearly shows a plain

mistake in the matter of fact.   *Re* Harland, 5 Rawle, 323 ; Ludlam's Estate, 13 Pa. 188.

The agreement of December 1, 1851, speaks of a three foot alley across the rear of the Bruce lots as if the said alley was then in existence.   It speaks of "said alley three feet wide at the rear of said lots."   The use of this was to be given to the McKee lots.

It is true the agreement does not use the words "McKee and his heirs ;" but as it was executory this was not necessary.   Gaule v. Bilyeau, 25 Pa. 523 ; Defraunce v. Brooks, 8 Watts & S. 68.

It is always a question of intentions as to whether a clause in a deed is a reservation or exception.   If the latter, no words of inheritance are necessary.   Winthrop v. Fairbanks, 41 Me. 307, and Smith v. Ladd, 41 Me. 314.

Whether the clause in this agreement is an exception or a reservation where the surrounding circumstances are looked at and the acts of the parties done in pursuance of the contract are remembered, it would seem to be clear that the way was to be appurtenant to the McKee lots.   Whitney v. Union R. Co. 11 Gray, 359–365, 71 Am. Dec. 715 ; Burr v. Mills, 21 Wend. 290.

There was a dedication of the alley for the use jointly of the McKee lots and the Bruce-McMasters lots, and the erection of buildings by Bruce, McMasters, and McKee, all in reference to said alley.   This made it an alley appurtenant to each lot.   Rhea v. Forsyth, 37 Pa. 503, 78 Am. Dec. 441; McCarty v. Kitchenman, 47 Pa. 239, 86 Am. Dec. 538.

But in addition to this the tenants of the McKee lots have, continuously and adversely for over twenty-one years, used this alley as appurtenant to the McKee lots and as a means of ingress and egress to them, etc.   The claim was clearly of right; for when Cella put up a fence which would obstruct the alley, McKee knocked it down, and his tenants continued uninterruptedly the use.

"If there has been the use of an easement for twenty years unexplained, it will be presumed to be under a claim of right and adverse, and be sufficient to establish a title by prescription and to authorize the presumption of a grant, unless contradicted or explained."   Washb. Easements, 156; Garrett v. Jackson, 20 Pa. 331; Steffy v. Carpenter, 37 Pa. 41; Pierce v. Cloud, 42 Pa. 102, 82 Am. Dec. 496.

Twenty-one years' adverse user of an easement gives rise to

the presumption of a grant; that there was a gate maintained across an alley is of no consequence, if the plaintiff and those under whom he claimed used it whenever he chose to do so. Demuth v. Amweg, 90 Pa. 181; Connery v. Brooke, 73 Pa. 80.

In Hervey v. Smith, 22 Beav. 302, the master of the rolls, in a question of a purchaser of a house which was subject to an easement for the use of certain flues in it by an adjoining house, held that the purchaser was put upon notice of the easement merely because the two flues subject to the easement were not used by the house he bought, and he said: "In case of easements the matter may be patent, as in the case of a foot path, or there may be actual notice, or the parties may be put on inquiry."

Per Curiam:

Clearly, the equity side of the court of common pleas had no jurisdiction of the matter complained of in the plaintiffs' bill; their remedy was an action at law.

Appeal dismissed and decree affirmed, at the costs of appellants, without prejudice to their right to maintain an action at law.